IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

BRANDON RUIGE BURNETT, §
TDCJ #937896, §
　 §
Petitioner, §
　 §
v. §          CIVIL ACTION NO. H-07-0408
　 §
NATHANIEL QUARTERMAN, Director, §
Texas Department of Criminal Justice - §
Correctional Institutions Division, §
　 §
Respondent. §

## MEMORANDUM AND ORDER

State inmate Brandon Ruige Burnett (TDCJ #937896) has filed a petition for a federal

writ of habeas corpus under 28 U.S.C. § 2254 to challenge a state court felony conviction.

Burnett has also filed a lengthy memorandum in support of his petition. (Doc. # 9). The

respondent has answered with a motion for summary judgment, arguing that Burnett is not

entitled to relief. (Doc. # 13). Burnett has not filed a reply and the time for him to do so has

expired. After considering all of the pleadings, the records, and the applicable law, the Court

grants the respondent's motion and dismisses this case for reasons that follow.

## I.     BACKGROUND

Burnett is presently in custody of the Texas Department of Criminal Justice -

Correctional Institutions Division (collectively, "TDCJ") pursuant to a judgment of

conviction in cause number 950812. A Harris County grand jury returned an indictment

against Burnett in that case, accusing him of possession with intent to deliver a controlled

substance, namely cocaine weighing at least 400 grams, in violation of Texas law.  Following

a bench trial, the 174th District Court of Harris County, Texas, denied Burnett's motion to

suppress evidence that was seized from his person after his arrest.  Based on the evidence

presented during that proceeding, the trial court also found Burnett guilty as charged in the

indictment.  After the State presented evidence that Burnett had at least two prior convictions

for possession of a controlled substance, the trial court sentenced him to serve twenty-five

years in prison.

On direct appeal, Burnett argued that his conviction should be set aside because (1)

he was denied effective assistance of counsel when his defense attorney stipulated that the

substance recovered by police officers was cocaine that weighed 997.3 grams, and (2) the

trial court abused its discretion by denying his motion to suppress evidence.  The

intermediate court of appeals affirmed the conviction in an unpublished opinion.  *See Burnett*

*v. State*, No. 01-04-00513-CR, 2005 WL 1189692 (Tex. App. — Houston [1st Dist.] May

19, 2005).  In doing so, the court of appeals made the following findings of fact about the

underlying offense based on the evidence presented at trial:

### Factual Background

Houston Police Department (HPD) Officer Castille witnessed a possible
drug transaction involving three persons inside a Buick Roadmaster parked in
the lot of a restaurant at the 6500 block of Martin Luther King Boulevard in
Houston.  Officer Castille saw [Burnett] get out of the Buick, while holding
a black backpack, and get onto a motorcycle.  [Burnett] drove out of the
parking lot on the motorcycle, and the Buick followed.  When Officer
Castille's partner saw the Buick violate two traffic laws, he used his police
radio to broadcast a description of [Burnett]'s motorcycle and also requested
a marked police car to stop the Buick.

2

HPD Officer Boling was driving his marked police car and responded. As he drove towards the requested area, Officer Boling observed [Burnett]'s motorcycle traveling southbound at a high rate of speed in the 8100 block of Highway 288. As he paced [Burnett]'s speed, Officer Boling determined that [Burnett] was speeding at a rate of over 100 miles per hour in a 70 miles per hour zone. Officer Boling stopped [Burnett], approached him, and requested a driver's license and proof insurance. When [Burnett] responded that he did not have a driver's license or insurance, Officer Boling told [Burnett] that he would issue him a citation for speeding, asked [Burnett] to step into the back seat of his patrol car, and instructed [Burnett] to hand him the backpack that [Burnett] was wearing. [Burnett] punched the officer in the face, dropped the backpack, and ran into the median of the freeway. Officer Boling ran after [Burnett] and, after a struggle in which a civilian motorist stopped to assist, Officer Boling arrested [Burnett] for assault and for evading arrest. A search of [Burnett]'s backpack conducted after his arrest produced a package containing 997.3 grams of cocaine.

*Id.*, slip op. at 2-3. Burnett did not file a petition for discretionary review with the Texas Court of Criminal Appeals.

Burnett challenged his conviction further by filing a state application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. In that application, Burnett argued that he was denied effective assistance of counsel at his trial and that his conviction was obtained in violation of the privilege against self-incrimination. In three other related claims, Burnett argued that his conviction was obtained with evidence seized following an arrest that lacked probable cause in violation of the Fourth Amendment to the United States Constitution and that the police had engaged in "racial profiling."

The state habeas corpus court, which also presided over Burnett's bench trial, requested an affidavit from Burnett's trial attorney, Robert Turner. After reviewing Turner's affidavit and the trial record, the state habeas corpus court entered specific findings of fact

and concluded that Burnett was not entitled to relief on any of his claims.  The Texas Court of Criminal Appeals agreed and, based on the trial court's findings, denied Burnett's application for a state writ of habeas corpus without a written order.  *See Ex parte Burnett,* No. 66,278-01 (Jan. 17, 2007).

Burnett now seeks a federal writ of habeas corpus under 28 U.S.C. § 2254.  Liberally construed, the petition and supporting memorandum present the same or similar claims as those raised by Burnett in his state habeas corpus application and supporting memorandum.[1] (Doc. # 1, *Petition*; Doc. # 9, *Supporting Memorandum*).  The respondent has filed a motion for summary judgment, arguing that Burnett is not entitled to relief on any of his claims under the governing federal habeas corpus standard of review set forth below.

## II.    STANDARD OF REVIEW

Federal review of the pending habeas corpus petition is subject to the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).  *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997) (holding that the AEDPA applies to those habeas corpus petitions filed after its effective date of April 24, 1996).  Embodying the principles of federalism, comity, and finality of judgments, the AEDPA "substantially restricts the scope of federal review of state criminal court proceedings." *Montoya v.*

---

[1]    The petitioner proceeds *pro se* in this case.  Courts construe pleadings filed by *pro se* litigants under a less stringent standard than those drafted by attorneys.  *See Haines v. Kerner*, 404 U.S. 519, 521 (1972).  Under this standard, pleadings filed by a *pro se* litigant are entitled to a liberal construction that affords all reasonable inferences which can be drawn from them. *See id.* Affording the requisite liberal construction, the Court has reordered and grouped several of the petitioner's claims for purposes of analysis.

*Johnson*, 226 F.3d 399, 404 (5th Cir. 2000), *cert. denied*, 532 U.S. 1067 (2001).

Specifically, the federal habeas corpus statutes amended by the AEDPA, codified at 28

U.S.C. § 2254(d), set forth a "highly deferential standard for evaluating state-court rulings,

. . . , which demands that state court decisions be given the benefit of the doubt." *Woodford*

*v. Visciotti*, 537 U.S. 19, 24 (2002) (internal citation omitted).

The federal habeas corpus statutes require applicants for relief to first present their

claims in state court and to exhaust all state court remedies through proper adjudication. 28

U.S.C. § 2254(b). To the extent that the petitioner's claims were adjudicated on the merits

in state court, the AEDPA standard applies. For claims adjudicated on the merits, the

AEDPA provides that a petitioner is not entitled to relief unless the state court's ultimate

decision:

> 1.    was contrary to, or involved an unreasonable application of,
>        clearly established Federal law, as determined by the Supreme
>        Court of the United States; or
>
> 2.    was based on an unreasonable determination of the facts in light
>        of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) (observing

that the AEDPA standard is restricted to the reasonableness of the state court's "ultimate

decision, not every jot of its reasoning") (citation omitted), *cert. denied*, 535 U.S. 982

(2002).

Claims presenting pure questions of law and mixed questions of law and fact are

governed by § 2254(d)(1). *See Martin v. Cain*, 246 F.3d 471, 475 (5th Cir.), *cert. denied*,

534 U.S. 885 (2001).  The Supreme Court has clarified that "clearly established Federal law"

or precedent for purposes of § 2254(d)(1) "refers to the holdings, as opposed to the dicta,"

of decisions from the United States Supreme Court "as of the time of the relevant state-court

decision." *Carey v. Musladin*, — U.S. —, —, 127 S. Ct. 649, 653 (2006) (quoting *Williams

v. Taylor*, 529 U.S. 362, 412 (2000)).   A state court decision is "contrary to" clearly

established precedent if the state court arrives at a conclusion opposite to one reached by the

Supreme Court on a question of law or if the state court decides a case differently from the

Supreme Court "on a set of materially indistinguishable facts."  *Williams*, 529 U.S. at 412-

13.  A state court decision is an "unreasonable application" of clearly established precedent

if the state court identifies the correct governing legal principle from the Supreme Court's

decisions but unreasonably applies that principle to the facts of the petitioner's case.  *Id.*

Questions of fact are governed by § 2254(d)(2) governs pure questions of fact.  *See

Martin*, 246 F.3d at 475.  In addition, a state court's factual findings are entitled to deference

on federal habeas corpus review and are presumed correct under 28 U.S.C. § 2254(e)(1),

unless the petitioner rebuts those findings with "clear and convincing evidence." *Garcia v.

Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006) (citing *Hughes v. Dretke*, 412 F.3d 582, 589

(5th Cir. 2005) and 28 U.S.C. § 2254(e)(1)).  This deference extends not only to express

findings of fact, but to the implicit findings of the state court.  *Garcia*, 454 F.3d at 444-45

(citing *Summers v. Dretke*, 431 F.3d 861, 876 (5th Cir. 2005); *Young v. Dretke*, 356 F.3d

616, 629 (5th Cir. 2004)).

The burden is on the petitioner to show that he is entitled to relief under the highly deferential AEDPA framework that controls this case. *See DiLosa v. Cain*, 279 F.3d 259, 262 (5th Cir. 2002). Burnett has not filed a reply to the respondent's motion for summary judgment.[2]  He has, however, filed a lengthy memorandum in support of his petition. (Doc. # 9).  Applying the liberal construction required for *pro se* litigants, the petitioner's claims are discussed further below in light of the applicable law.

## III.   DISCUSSION

### A.      Ineffective Assistance of Counsel

Burnett insists that he was denied effective assistance of counsel at his trial because his defense attorney advised him to stipulate that evidence recovered from Burnett's backpack was a controlled substance (*i.e.*, cocaine) weighing at least 997.3 grams.  Burnett adds that, by advising him to agree to the stipulation, his counsel conspired with the prosecutor to obtain Burnett's conviction.  The state habeas corpus court rejected Burnett's claims, concluding that Burnett failed to show that his counsel's performance was deficient or that there is a reasonable probability that the result of the proceeding would have been different. *Ex parte Burnett*, No. 66,278-01 at 55 (citing *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (citations omitted)).  The state habeas corpus court also rejected Burnett's

---

[2]      The Court instructed Burnett to file a reply within thirty days to any responsive pleading or dispositive motion filed by the respondent or face dismissal for want of prosecution. (Doc. # 3, ¶ 6).  The certificate of service on the respondent's motion for summary judgment confirms that this dispositive motion was sent to the petitioner at his correct address of record.  More than thirty days have expired since the date shown on the respondent's certificate of service and Burnett has not filed a reply as directed.

contention that his defense counsel was part of a conspiracy to violate his constitutional rights. *See id*. at 54.

The Supreme Court has recognized that the Sixth Amendment guarantees criminal defendants the effective assistance of counsel at trial. *See Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). To establish ineffective assistance of counsel in violation of the Sixth Amendment, a defendant must satisfy the two-prong test established by *Strickland v. Washington*, 466 U.S. 668 (1984) by demonstrating both of the following: (1) that his counsel's performance was deficient; and (2) that the deficiency prejudiced his defense. Failure to prove either prong of the *Strickland* test will defeat an ineffective-assistance claim. *See Leal v. Dretke*, 428 F.3d 543, 548 (5th Cir. 2005) (citing *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998)). To prevail, Burnett must demonstrate that the state court's conclusion was contrary to, or involved an unreasonable application of, the *Strickland* standard.

To establish deficient performance under the *Strickland* standard, the petitioner must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Judicial scrutiny of counsel's performance must be "highly deferential," indulging in a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Riley v. Dretke*, 362 F.3d 302, 305 (5th Cir. 2004) (quoting *Strickland*, 466 U.S. at 689), *cert. denied*,

543 U.S. 1056 (2005). Performance is prejudicial only if, but for counsel's errors, there is a reasonable probability that the final result would have been different and confidence in the reliability of the verdict has been undermined. *See Leal*, 428 F.3d at 548 (citing *Little v. Johnson*, 162 F.3d 855, 860-61 (5th Cir. 1998)). The petitioner fails to demonstrate that his counsel's performance was deficient or that he was actually prejudiced as a result for reasons discussed in more detail below.

The state habeas corpus court requested an affidavit from Burnett's trial attorney, Robert Turner. Turner noted that the State had a report from a chemist at the crime lab, documenting that the substance recovered from Burnett was cocaine that weighed at least 997.3 grams. *Ex parte Burnett*, No. 66, 278-01 at 49 (Affidavit of Robert Turner ¶ 1). Turner explained that, in bench trials where the main legal issue before the court is whether the evidence was seized legally, he does not generally contest lab findings unless he suspects that the substance was "'turkey dope' or something other than the laboratory's findings." (*Id.*). Turner qualified that this was his practice before there were published news reports of improprieties at the Houston Police Department crime lab, which reports arose after Burnett's trial and conviction. (*Id.*). Turner related that he usually advises a client that "a stipulation is a concession that we are not contesting one particular issue" and explained further that, if he knew that the State was not going to be able to prove an element of the offense, he would not have counseled his client to join in the stipulation. *Id.* at ¶ 3. Turner stated that, in Burnett's case, the laboratory analysis comported to what he had been led to believe would be true and, therefore, he had no reason to doubt the test results. *Id.*

The state habeas corpus court found that the facts asserted by Turner were "true" and that his affidavit was "credible." *Id.* at 53.  A federal habeas corpus court must defer to fact findings made by the state court, which are entitled to the presumption of correctness found at 28 U.S.C. § 2254(e)(1).  *See Valdez v. Cockrell*, 274 F.3d 941, 947 (5th Cir. 2001), *cert. denied*, 537 U.S. 883 (2002).  A reviewing court must also defer to credibility findings made by the finder of fact.  *See id.* at 948, n.11.  The presumption of correctness is particularly strong in this instance where the state habeas corpus court also presided over the petitioner's bench trial proceeding.  These findings by the state habeas corpus court are presumed correct, and Burnett fails to rebut that presumption with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

The record confirms that Burnett agreed to a bench trial where the main issue was the legality of his arrest and the subsequent seizure of the evidence.  Turner stipulated that the substance recovered from Burnett's backpack was cocaine weighing 997.3 grams.  *See Court Reporter's Record* vol. 2, at 87-88.  When entering the stipulation, Turner clarified that the stipulation was made subject to the motion to suppress.  *See id*.  Before accepting the stipulation, the trial court asked Burnett whether he understood that, by agreeing to stipulate to the evidence in question, he was waiving his right to have the State prove, with a witness, that the substance was cocaine and the quantity of the substance.  *See id*. at 88-89.  Burnett replied that he understood and acknowledged that he agreed to the stipulation.  *See id.* at 89. Thus, the stipulation was entered with Burnett's consent.

Burnett does not demonstrate that his consent to the stipulation was involuntarily or unknowingly given.  Other than referencing published reports about shortcomings at the Houston Police Department crime lab, Burnett does not provide any specific information that casts doubt on the laboratory test results in his case and he does not otherwise allege any facts showing that Turner was deficient for agreeing to the stipulation in this instance.  More importantly, even if Turner were somehow deficient for stipulating to the amount of drugs, Burnett fails to demonstrate that, but for the stipulation, the result of the proceeding would have been any different.  Therefore, Burnett fails to establish that he was actually prejudiced as a result of his counsel's alleged deficient performance.

After reviewing the entire record, Burnett fails to show that he received ineffective assistance of counsel at his trial.  As a result, Burnett has failed to demonstrate a valid claim for ineffective assistance of counsel and he has further failed to show that the state habeas corpus court's decision to reject this claim was contrary to, or involved an unreasonable application of, the *Strickland* standard.  It follows that Burnett is not entitled to federal habeas corpus relief on this issue.

**B.      Privilege Against Self-Incrimination**

Burnett argues that the stipulation about the amount of cocaine found in his possession violated the privilege against self-incrimination.  The state habeas corpus court rejected Burnett's claim, concluding that Burnett failed to show that the stipulation violated his privilege against self-incrimination.  *Ex parte Burnett*, No. 66,278-01 at 54.

11

The Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself . . . ." U.S. CONST. amend. V.  The Supreme Court has clarified that the Fifth Amendment privilege against self-incrimination "protects an accused only from being compelled to testify against himself, or otherwise provide the State with evidence of a testimonial or communicative nature . . . ."  *Schmerber v. State of California*, 384 U.S. 757, 761 (1966).  Burnett did not testify at the bench trial "due to his previous convictions[.]"  (*Memorandum*, at 17).  To the extent that Burnett claims that the stipulation of evidence was testimonial, Burnett does not allege or demonstrate that he was compelled to give his consent to the stipulation.  As noted above, the trial court expressly asked Burnett if he understood what the stipulation meant and Burnett replied that he did.  *See Court Reporter's Record* vol. 2, at 87-89.

The record reflects that Burnett consented to the stipulation and that, by agreeing to stipulate to this evidence, he was waiving the right to require the State to present the chemist as a witness.  A defendant's "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  Burnett's conclusory allegations are not sufficient to overcome this barrier.  Absent a showing that he was compelled to testify or provide testimonial evidence, Burnett does not demonstrate that the state habeas corpus court's decision to reject this claim was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent.  Accordingly, Burnett is not entitled to relief on this issue.

**C.    Fourth Amendment Issues**

In several related claims, Burnett argues that his conviction was obtained with evidence seized following an arrest that violated the Fourth Amendment to the United States Constitution.  In particular, Burnett contends that his arrest violated the Fourth Amendment because the police lacked probable cause to stop him, the stop of his vehicle was based on pretext, and the police engaged in "racial profiling."  The respondent maintains that Burnett's Fourth Amendment claims are barred from habeas corpus review for alternative reasons.

At the outset, the respondent notes that the state habeas corpus court, which was the last state court to consider Burnett's Fourth Amendment claims, rejected Burnett's claims for procedural reasons.  In particular, the state habeas corpus court concluded that Burnett's challenges to the search and seizure were "not cognizable" on habeas corpus review.  *See Ex parte Burnett*, No. 66,278-01 at 55 (citing *Ex parte Kirby*, 492 S.W.2d 579, 580-81 (Tex. Crim. App. 1973)).  Moreover, to the extent that Burnett failed to raise on direct appeal his allegations of racial profiling, lack of probable cause, and illegal search and seizure, he was "procedurally barred from raising these claims" on collateral review.  *See id.* (citing *Ex parte Gardner*, 959 S.W.2d 189, 199 (Tex. Crim. App. 1998)).  Because the state habeas corpus court rejected these claims for procedural reasons, the respondent argues that Burnett's Fourth Amendment claims are barred by the doctrine of procedural default.[3]

---

[3]     Burnett insists that the evidence against him should have been suppressed.  Burnett appears to add a claim that, absent lawfully seized evidence showing that he was in possession of more than 400 grams of cocaine, his conviction was not supported by factually sufficient evidence.  To the extent that Burnett attempts to challenge the factual sufficiency of the evidence, such a claim is not cognizable on federal habeas corpus review.  *See Pemberton v. Collins*, 991

(continued...)

"In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).   It is the petitioner's burden to show that the "independent and adequate" state procedural rule at issue is not firmly established and regularly followed, or that it was capriciously applied under the circumstances. *See Wright v. Quarterman*, 470 F.3d 581, 586 (5th Cir. 2006) (citations omitted).  Burnett does not meet that burden here.  Burnett further fails to establish that any exception to the doctrine of procedural default applies.[4]   Therefore, his Fourth Amendment claims are procedurally barred from federal review.

Alternatively, the respondent argues that Burnett's claims are barred by the Supreme Court's decision in *Stone v. Powell*, 428 U.S. 465 (1976).  In *Stone v. Powell*, the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief

---

[3](...continued)

F.2d 1218, 1223 (5th Cir.), *cert. denied*, 510 U.S. 1025 (1993).  Alternatively, because Burnett failed to show that the evidence was unlawfully seized, any challenge to the factual or legal sufficiency of the evidence is without merit.

[4]     Exceptions to the procedural bar exist where the petitioner demonstrates either cause for the default and actual prejudice as a result of the alleged violation of federal law or that failing to consider his claim will yield a fundamental "miscarriage of justice." *Coleman*, 501 U.S. at 750.  Burnett does not satisfy any exception in this instance.

on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 494.  The Fifth Circuit has since interpreted an "opportunity for full and fair litigation" to mean just that: "an opportunity."  *Janecka v. Cockrell*,  301 F.3d 316, 320 (5th Cir. 2002) (citing *Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978)), *cert. denied*, 537 U.S. 1196 (2003). "If a state provides the processes whereby a defendant can obtain full and fair litigation of a [F]ourth [A]mendment claim, *Stone v. Powell* bars federal habeas corpus consideration of that claim whether or not the defendant employs those processes." *Id*.

Texas affords a process for criminal defendants to file a motion to suppress under Article 28.01 of the Texas Code of Criminal Procedure.  Burnett's defense attorney filed a motion to suppress the State's evidence and the trial court conducted a lengthy hearing on that issue at the bench trial.  Burnett challenged the trial court's decision to deny his motion to suppress on direct appeal.  *See Burnett v. State*, No. 01-04-00513-CR, 2005 WL 1189692 (Tex. App. — Houston [1st Dist.] May 19, 2005, no pet.).  The state court of appeals reviewed the challenge presented by Burnett and found that the trial court's decision was proper.  *See id.*, slip op. at 6-9.  Burnett could have challenged the appellate court's decision by filing a petition for discretionary review with the Texas Court of Criminal Appeals, but he did not do so.

Burnett attempted to re-litigate his Fourth Amendment claims on state habeas corpus review.  Although Burnett's Fourth Amendment claims were held "not cognizable" on collateral review, the record confirms that he was afforded ample opportunity for review of

15

his Fourth Amendment claims at the state level.  This review is sufficient to trigger the *Stone* bar.  *See Janecka*,  301 F.3d at 320; *see also Moreno v. Dretke*, 450 F.3d 158, 167 (5th Cir. 2006) ("absent a showing that  . . . Texas courts systematically and erroneously apply the state procedural bar rule to prevent adjudication of Fourth Amendment claims," the *Stone* bar obtains).  Therefore, the petitioner's Fourth Amendment claims are precluded from federal habeas review.  Because Burnett is not entitled to relief on any of the claims presented in his petition, the respondent is entitled to summary judgment in his favor.

## IV.   CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282

16

(2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).   Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336.   Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For all of the reasons discussed above, the Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner stated a valid claim of the denial of a constitutional right.   Therefore, a certificate of appealability will not issue.

## V.   CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1.   The respondent's motion for summary judgment (Doc. # 13) is **GRANTED**.

2.   The petition for a writ of habeas corpus (Doc. # 1) is **DENIED**, and this case is **DISMISSED** with prejudice.

3.   A certificate of appealability is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on <u>July 31</u>, 2007

Nancy F. Atlas
United States District Judge